Argued and submitted November 9, reversed and remanded December 7, 2022

In the Matter of the Compensation of
Socorro Martinez-Munoz, Claimant.

Socorro MARTINEZ-MUNOZ,
*Petitioner,*

*v.*

KENDAL MERCHANDISING-
FLOREXPO-KENDAL FLORAL,
*Respondent.*

Workers' Compensation Board
2000060; A176371

523 P3d 161

Claimant seeks judicial review of an order of the Workers' Compensation Board affirming an order of an administrative law judge denying her occupational disease claim for thumb tendonitis, based on claim preclusion as a result of the board having previously rejected a claim for the same condition in the form of a new/omitted medical condition. *Held*: The Court of Appeals held that the board erred in determining that claimant's occupational disease claim was barred by claim preclusion in light of the board having previously reserved claimant's right to initiate an occupational disease claim at a later time.

Reversed and remanded.

Juliene M. Quinn argued the cause and filed the brief for petitioner.

Jonathan A. Rose argued the cause for respondent. Also on the brief was MacColl Busch Sato, P.C.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board affirming an order of an administrative law judge (ALJ) denying her occupational disease claim for thumb tendonitis, based on claim preclusion as a result of the board having previously rejected a claim for the same condition in the guise of a new/omitted medical condition. We conclude that the board erred and therefore reverse and remand the board's order.

Claimant experienced a compensable injury at work on October 14, 2016. Claimant's attending physician diagnosed a "right wrist sprain," but also opined that claimant's findings were "consistent with the history of a work-related etiology of her repetitive use strain," and "consistent with an overuse syndrome resulting in pain and swelling of the base of the thumb/wrist." Employer accepted the claim as a nondisabling right-wrist strain.

After acceptance, claimant's attending physician and a second physician both opined that claimant suffered from tendonitis in her thumb that they identified as a repetitive use strain, not related specifically to the October 14 injury but related to claimant's repetitive use of her thumb at work while bunching flowers off of a conveyor belt.

Claimant requested that the insurer modify the notice of acceptance of the October 14 injury to include tendonitis of the right flexor pollicis longus tendon, as a new/omitted medical condition. Employer denied the new/omitted medical condition claim, asserting that the thumb condition was not related to the October 14 work injury.

At the hearing on the new/omitted medical condition claim, claimant's counsel did not seek to assert a claim for the thumb condition on an occupational disease theory and mentioned that theory only in closing argument. Employer took the position at the hearing that the theory of compensability presented by claimant was a new/omitted medical condition claim related to the injury claim, and that an occupational disease claim was not presented or ripe for hearing.

In his order rejecting claimant's new/omitted medical condition claim and upholding employer's denial, the ALJ found that the evidence did not support claimant's contention that her thumb condition was related to the accepted injury. In rejecting claimant's contention that the medical evidence supported the finding that the thumb condition was compensable as an occupational disease, the ALJ explained that the new/omitted medical condition claim had referenced only the October 14 compensable injury and had not asserted an occupational disease claim. The ALJ agreed with employer's contention that an occupational disease was not "ripe for hearing." The ALJ therefore upheld employer's denial of the claim.

The board agreed with the ALJ's analysis and affirmed the ALJ's order. Although claimant continued to assert that the medical evidence supported the compensability of an occupational disease, the board determined that it would not consider claimant's contention that her thumb condition was compensable as an occupational disease, claimant having failed until closing argument at the hearing to assert that the claim was compensable as an occupational disease.

In an order on reconsideration, the board adhered to its original order, but stated in a footnote, "because we have determined that an occupational disease claim was not at issue at the hearing, our decision does not preclude claimant from initiating an occupational disease claim should she choose to do so."

Claimant then filed the occupational disease claim at issue here, asserting that the repetitive activities of her work had given rise to a compensable condition. Employer denied the claim, asserting that it was barred by claim preclusion or, in the alternative, that the condition was not related to claimant's employment.

The ALJ upheld the denial, reasoning that, despite the board's footnote—which the ALJ described as "dicta"—the claim was barred by claim preclusion, because, based on the same operative facts, claimant could have asserted an occupational disease claim at the time of the new/omitted

medical condition claim. The board affirmed and adopted the ALJ's order.

On judicial review, claimant does not dispute that claim preclusion is applicable in the workers' compensation context, *see Drews v. EBI Companies*, 310 Or 134, 142, 795 P2d 531 (1990) (so holding), but asserts for several reasons that the board erred in rejecting the occupational disease claim based on claim preclusion. Claimant's primary argument is, in essence, that, because a new/omitted medical condition claim may be brought at any time, ORS 656.262(7)(a); *Evangelical Lutheran Good Samaritan Soc. v. Bonham*, 176 Or App 490, 32 P3d 899 (2001), *rev den*, 334 Or 75 (2002) (ORS 656.262(7)(a) bars application of the rules of claim preclusion to a new medical condition claim.) and therefore is not subject to claim preclusion, an occupational disease claim based on the same conditions previously litigated in a new/omitted medical condition claim can be litigated separately from the new/omitted medical condition claim for the same condition. We do not address that contention, because we agree with claimant's further argument that claim preclusion is not applicable as a result of the board having reserved claimant's right to file an occupational disease claim.

The Supreme Court held in *Drews*, 310 Or at 141, that the applicability of claim preclusion is subject to an exception: When "the decision maker expressly reserves for a party the right to maintain a second action or proceeding at the time the first determination is made, there is no preclusive effect." (citing *Restatement (Second) of Judgments* § 20(1)(b) (1982) ("A determination by the court that its judgment is 'without prejudice' (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record, unless reversed or set aside, should ordinarily be given effect in the second action."). The board's footnote explicitly reserved claimant's right to maintain an occupational disease claim for her thumb condition, giving rise to an exception to claim preclusion.

The ALJ and employer both dismissed the board's footnote as *dicta*. Whether or not it is *dicta*, it constituted

a reservation. An adjudicative body can determine that its own decision is not preclusive in future proceedings. *Drews*, 310 Or at 141. The board explicitly had before it the question whether claimant had presented a claim for an occupational disease; although the board concluded that it did not have an occupational disease claim before it, the board's footnote explicitly reserved claimant's right to bring such a claim. That is exactly the type of reservation that the court held in *Drews* gives rise to an exception to claim preclusion.

Employer contends that claimant's occupational disease claim is untimely. Employer will have an opportunity to raise that issue before the board in the first instance on remand.

Reversed and remanded.